UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN B. DEVILLIER, JR. | CIVIL ACTION NO. 07-252 |
| VS. | SECTION P |
| CALCASIEU PARISH SHERIFF'S DEPARTMENT | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff John B. Devillier, Jr., on February 14, 2007. Plaintiff is incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana, and names as defendant the Calcasieu Parish Sheriff's Department.[1]

Plaintiff alleges that while at CCC, he has been discriminated against due to his status as a prisoner; that his mail is being withheld; that his children are being harassed; and that a false statement has been filed against him. Plaintiff seeks an award of $3 million dollars and the

---

[1] Plaintiff has improperly named the Calcasieu Parish Sheriff's Department. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Sheriff's Department has the capacity to sue or be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a juridical person. This term is defined by the Louisiana civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. Art. 24. In Louisiana, however, Parish Sheriff's Offices are not legal entities capable of suing or being sued. See, *Cozzo v. Tangipahoa Parish Council-President*, 279 F.3d 273, 283 (5th Cir. 2002); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1998); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La. 2001); *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So. 2d 236 (La. App.3d Cir.), writ refused, 352 So. 2d 235 (La. 1977); *Newton v. Tangipahoa Parish Sheriff's Office, et al.*, 2004 WL 963790 (E.D.La. May 5, 2004). Plaintiff's claims against the Sheriff's Department are subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1). However, even if plaintiff were to amend his complaint and name the correct defendant(s), the claims brought by him in this matter would nevertheless fail for the reasons stated herein.

prosecution of defendant for wrong doing.[2]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's first claim is that he has been discriminated against due to his status as a prisoner. More specifically, he states that on February 7 & 9, 2007, he made written requests to speak to a detective concerning a break-in that had occurred at his house in December 2006. Despite being told that his statement would be taken, it was not done by February 14, 2007, the date that this suit was filed. Plaintiff states "if I were living in my home and not the correctional center then my statement would have been taken by the proper authorities when the first call was made." [Doc. 1-1, p.4].

Next, plaintiff claims that in January 2007, his wife mailed a letter and photographs to him and that he did not receive same. He feels that his mail is being held either by CCC or the Sheriff's office.

Plaintiff's then alleges that the Sheriff's office is harassing his children by attempting to take DNA samples from them. He claims that the samples are not needed as the defendant has enough samples from him. Plaintiff states that this action by defendant is causing trauma to his children.

Finally, plaintiff contends that his wife and step-daughter gave a statement to a detective,

---

[2] To the extent that plaintiff is asking the court to do so, the undersigned notes that this court cannot impose criminal charges on the defendant. Such actions are within the province of the police department and district attorney's office of the parish were the alleged actions took place. The court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights, and not to act as a policeman for the plaintiff.

but rather than filing what they actually said, the detective filed a false statement.

## **LAW AND ANALYSIS**

*Frivolity Review*

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[3] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.  Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

*Equal Protection Claim*

Plaintiff complains that he is being discriminated against because he is an inmate. Specifically, he claims that his statement regarding a break-in that occurred at his home would have been taken "by the proper authorities when the first call was made" had he not been imprisoned. [Doc. 1-1, p. 3].  Thus, plaintiff's claim of discriminatory treatment implies a denial of equal protection.  In order to state a claim of discrimination under the Equal Protection clause and Section 1983, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an

4

identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001).[4]

With these principals in mind, and construing the complaint liberally, plaintiff simply has not shown the existence of a discoverable group or classification, nor has he demonstrated a discriminatory purpose. First of all, prisoners are not a suspect class. See *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir.1997) ("Neither prisoners nor indigents constitute a suspect class."). See also *United States v. King*, 62 F.3d 891, 895 (7th Cir.1995) (Prisoners are not a suspect class.); see also *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41, 105 S.Ct. 3249, 3254-55, 87 L.Ed.2d 313 (1985) (Providing a listing suspect classes). Further, it must be observed that plaintiff's current "classification" as an inmate is not the result of any act or omission by the defendant. Simply put, he fact that plaintiff is an inmate cannot be attributable to this defendant.

Additionally, plaintiff cannot demonstrate a discriminatory purpose on the part of the defendant. Plaintiff has no fundamental personal right to have his statement taken in a matter which occurred at his home while he was incarcerated, and he certainly cannot demonstrate that any decision made by defendant in regard to the statement was made at least in part because of the adverse impact it would have on him. It should also be noted that plaintiff was not prohibited from drafting and submitting his own written statement to the proper authorities. In sum, plaintiff has failed to state a claim for violation of his constitutional rights to equal protection and

---

[4] See also the following cases which state that: in order for plaintiff to succeed on this equal protection claim, he must prove that the defendant "created two or more classifications of similarly situated individuals that were treated differently, ... and (2) that the classification had no rational relation to any legitimate governmental objective." *Stefanoff v. Hays County, Tex.*, 154 F .3d 523, 527 (5th Cir.1998) (citations omitted). He must demonstrate that the defendant acted with a "discriminatory purpose." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995). "Discriminatory purpose ... implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Id.* (quoting *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir.1992)).

therefore, this claim must also be dismissed as frivolous.

*First Amendment Claim*

Plaintiff cites one instance in which he claims that he failed to receive a letter, along with photographs, from his wife. As a result, he maintains that his mail is being held either by CCC or the Sheriff's Department Deputies.[5] This portion of plaintiff's complaint is titled "mental anguish" thus reflecting the type of injury that he is alleging to have sustained due to the complained of action. To the extent that plaintiff seeks compensation for these injuries, his claim is barred by the physical injury requirement of § 1997e(e), which states that no federal civil

---

[5] To the extent that plaintiff's claim could be construed as alleging a 14th Amendment violation, the claim would likewise fail. The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Supreme Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels,* 474 U.S. at 335, 106 S.Ct. at 667. Even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle known as the *Parratt/Hudson* doctrine rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State). In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, indicate that the alleged deprivation was intentional, random, and unauthorized. If adequate state law remedies are available, no further due process is required under the Constitution. Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees of CCC. See, La. Civil Code, Article 2315. This provision of state law which is the general tort provision of the Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992). A liberal construction of plaintiff's allegations fails to support a Fourteenth Amendment violation as the claim before the court is clearly barred by the *Parratt/Hudson* doctrine. Thus, to the extent that plaintiff's claim constitutes one for property deprivation, such is not a cognizable claim under §1983 and should be dismissed as frivolous pursuant to §1915(e)(2)(B)(i) and (ii).

action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See, *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005), which held that § 1997e(e) applied to a prisoner's First Amendment claims. More specifically, *Geiger* stated that Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as in *Geiger*, plaintiff's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.

Further, as in *Geiger*, the plaintiff herein has asked for relief which is injunctive in nature (that this court prosecute the defendant). In this regard, *Geiger* held, "a more basic bar than § 1997e(e) stands in the way of equitable relief in this case; to the extent Geiger seeks injunctive relief for a First Amendment violation, Geiger's request is barred by the standing limitation described in *City of Los Angeles v. Lyons*. The district court lacks jurisdiction to entertain Geiger's claim for injunctive relief because Geiger has not shown or even alleged a likelihood of future harm. Geiger's allegations that defendants withheld his magazines on a single occasion does nothing to establish a real and immediate threat that defendants would violate his First Amendment rights in the future." *Id.,* at 375. Likewise, that plaintiff herein has alleged one instance of not receiving his mail does not show a likelihood of future harm, and his claim in this regard must fail.

*Harassment of Children/Mental Anguish Claim*

Plaintiff claims that the defendant is harassing his two children by attempting to get DNA

samples from them, presumably to use in connection with charges pending against him in state court. He claims that defendant does not need the samples from the children as authorities have enough of his DNA samples. Plaintiff states that his children are experiencing trauma due to defendant's actions in the pursual of the DNA. [Doc. 1-1, p. 5].

To the extent that plaintiff seeks to bring these claims on behalf of his children, his attempt must fail. There is no dispute that he is able to represent himself with regard to his own federal civil rights claim in this court. Nor is there any dispute, assuming that he is the proper representative of the children, that he can sue on behalf of his minor children for their civil rights violations. At issue is not who can sue, but rather if the plaintiff, a non-attorney, can act as his children's lawyer in this court. Based on a thorough review of the jurisprudence on this issue, the undersigned determines he can not. See *Wenger v. Canastota Central School District*, 146 F.3d 123 (2nd Cir. 1998) *cert. denied,* 526 U.S. 1025, 143 L.Ed. 2d 363, 119 S.Ct.n 1267 (1999); *Devine v. Indian River County School Board*, 121 F.3d 576 (11th Cir. 1997), *cert.denied*, 522 U.S. 1110, 140 L.Ed. 2d 106, 118 C.Ct. 1040 (1998); *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997); *Osei-Friyie v. Medical College,* 937 F.2d 876, 882-83 (3rd Cir. 1991)*; Cheung v. Youth Orchestra Foundation of Buffalo, Inc*., 906 F.2d 59, 61-62 (2nd Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(*per curiam*). The plaintiff can seek counsel to represent his children's alleged civil rights violations.

Further, to the extent that plaintiff is attempting to bring a claim for compensatory damages for any alleged mental anguish that he suffered as a result of defendant's actions towards his children, such claim likewise fails. Specifically, in order to prevail on this claim, plaintiff must satisfy the "physical injury" requirement which is codified at 42 U.S.C. § 1997e(e).

This section provides that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than de minimus, but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff has not alleged, nor do the claims in his complain support, that he suffered any physical injury as a result of defendants' actions.

*False Statement Claim*

Plaintiff's final claim herein pertains to a statement given to Detective Dustin Abshire by his wife and step-daughter. Specifically, he alleges that his wife and step-daughter informed him that the statement on file (presumably in the criminal case pending against him in state court) does not reflect what they told the detective. He admits that he does not know what his family members actually said in the statement.

First, it should be noted that plaintiff's allegations in this regard are conclusory allegations which do not demonstrate that he has experienced a constitutional deprivation of any kind. Without alleging specific facts to support his claim, plaintiff's allegations are simply insufficient to find that a civil rights violation has occurred. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Further, as plaintiff's complaints herein are the subject of a suit pending in the state court, the abstention doctrine enunciated in *Younger v. Harris*, 91 S. Ct. 746 (1971) requires this court to abstain from considering these claims. In *Younger*, the Supreme Court recognized a need for federal courts to abstain from interfering in on-going state court proceedings. When federal court jurisdiction would interfere with pending criminal, civil, or

administrative state proceedings, the federal court must abstain from exercising jurisdiction. For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996), citing *Middlesex Country Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Plaintiff's state court suit satisfies all three of these requirements. The proceedings are on-going, the state has an important interest in dealing with matters involving state prisoners and the prison system, and the state proceeding will afford the plaintiff an opportunity to raise any constitutional challenges. Under Louisiana law, Louisiana's Supreme Court exercises general supervisory jurisdiction over all other courts in the state. La. Constitution, Art. 5, §5(A). Further, the Courts of Appeal have supervisory jurisdictions over the district courts within their geographical jurisdiction. La. Constitution, Art. 5, §10(A). In other words, if plaintiff is dissatisfied with matters in his suit, he could and should have invoked the supervisory jurisdiction of the appropriate court of appeal or the Louisiana Supreme Court. Thus, this court finds that the principles enunciated in *Younger* bar this court from considering the plaintiff's claims.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 6, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE